UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80212-CIV-MARRA/JOHNSON

FPL ENERGY, LLC; FPL ENERGY
HORSE HOLLOW WIND, LLC f/k/a
FPL ENERGY HORSE HOLLOW WIND,
L.P.; and FPL ENERGY HORSE
HOLLOW WIND II, LLC, f/k/a FPL
ENERGY HORSE HOLLOW
WIND II, L.P.

     Plaintiffs
vs.

UNITED STATES OF AMERICA; UNITED
STATES ARMY; UNITED STATES AIR
FORCE; UNITED STATES DEPARTMENT
OF DEFENSE; and UNITED STATES
ARMY CORPS OF ENGINEERS

     Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION TO TRANSFER VENUE

THIS CAUSE is before the Court upon Defendants' Motion to Transfer Venue [DE 5]. The Court has carefully considered the motion, response, reply and is otherwise fully advised in the premises.

This case arises under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601-75 ("CERCLA"). Section 9613(b) of CERCLA provides that venue for a suit brought under CERCLA "shall lie in any district in which . . . the defendant resides[.]" 42 U.S.C. § 9613(b). Because the defendants in this case are the United States and certain government

agencies, venue is further governed by 28 U.S.C. § 1391(e), which provides as follows:

> A civil action in which a defendant is an . . . agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . (3) the plaintiff resides if no real property is involved in the action.[1]

28 U.S.C. § 1391(e)(3). Defendants in this action move to transfer this case to the Northern District of Texas, Abilene Division, as a proper exercise of the Court's discretion, for the convenience of the parties and witnesses, and in the interest of justice.

A motion to transfer venue is governed by 28 U.S.C. § 1404(a) which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1404(a). Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money. *Van Dusen v. Barrack*, 376 U.S. 612 (1964). The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion.

---

[1] Plaintiffs assert that because they reside in the Southern District of Florida, and because no real property is involved in this action, venue is proper in this Court. It is questionable whether venue is actually proper in this district because the cleanup of contamination of real property in Texas is a central issue in the case. *See* Complaint ¶¶ 11-24.

*See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).

Section 1404(a) requires that the moving party show two things.  First, venue must be proper in the district to which the case would be transferred.  *Van Dusen*, 376 U.S. at 616.  Second, considerations of convenience and the interest of justice must weigh in favor of transfer.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988).

There is no dispute that Plaintiffs could have filed this action in the Northern District of Texas.  Virtually all of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Texas, including the alleged releases of hazardous substances, and all of the Plaintiffs are doing business in that district by owning and operating the Horse Hollow Wind Energy Center facilities there.

It is also clear that the overall convenience of the parties and the interests of justice weigh in favor of a transfer to the Northern District of Texas.  The alleged releases of hazardous substances occurred in Texas, the alleged construction, investigation and other operations of Plaintiffs occurred in Texas and the challenged actions by Defendant Army Corps of Engineers, as well as the harm allegedly suffered by Plaintiffs, all occurred or will occur in Texas.  *See* Compl. ¶¶ 11-24.  Indeed, in response to the instant motion, Plaintiffs did not seriously dispute that transfer is appropriate and basically acquiesed to the motion by stating that they "rely on the Court's sound exercise of its broad discretion to determine whether to transfer venue

for this cause, and neither support nor oppose Defendants' Motion." DE 6 at 2.

This Court has carefully examined the filings in this cause and finds that relevant factors under 28 U.S.C. § 1404(a) are present and that those factors when considered together warrant a transfer to the Northern District of Texas. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Transfer Venue **[DE 5] is GRANTED.  The Clerk of Court is hereby directed to transfer this case to the United States District Court, Northern District of Texas, Abilene Division.  This case is CLOSED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of August, 2008.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson